[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION INTRODUCTION
On or about June 19, 1989 the defendant tenant Small Business Institute, Inc. leased the first and second floors (approximately 66% of the premises) of the plaintiff Ten Waterchase Drive Associates' building under a three-year lease agreement commencing September 1, 1989 and terminating August 31, 1992.
As a result of an alleged failure to pay rent, the plaintiff served a Notice to Quit on defendant on November 7, 1990, requesting the defendant to vacate on or before November 18, 1990. The defendant did not vacate and the plaintiff instituted the instant action for possession of the premises for nonpayment of rent.
The defendant admitted all allegations of the complaint except paragraph four concerning the alleged nonpayment. The defendant raised three special defenses: (1) the property is subject to foreclosure; (2) the defendant has spent monies improving the premises which would be forfeited by a foreclosure action; and (3) the defendant has overpaid the operating expenses.
 II.
Discussion
 A.
Only one witness testified at trial: Ann Goico, the plaintiff's bookkeeper. She stated that the defendant had failed to pay the basic rent for the months of October, 1990 through January, 1991 and that the defendant had failed to pay the common area maintenance (CAM) charges for September, 1990 through January, 1991. Miss Goico admitted that several payments were made during the summer months of 1990 including two large payments, $19,291.00 and $17,181.74, but that those were made pursuant to a stipulated agreement approved by Susco, J. and entered as a Judgment of this court on July 2, 1990 in Case SPH 9005-55663.
 B.
The first two special defenses concerned an equitable forfeiture argument based upon monies the defendant had spent both in rent and improvements and the fact the property might CT Page 2799 be foreclosed. The only evidence of that happening was a copy of a lis pendens that was filed in the Rocky Hill land records on October 5, 1990. The defendant produced no witnesses other than the plaintiff's witness, Miss Goico.[1] She had no direct knowledge of a foreclosure. The court notes additionally that any payments that were made in August and September 1990 were done so pursuant to the aforementioned judgment. The defendant has clearly failed to meet its burden of persuasion.
The third special defense concerned alleged overpayments of operating expenses. As previously mentioned, the only testimony heard by this court was proffered by the plaintiff's bookkeeper. Her testimony was quite clear that the defendant owed $3,175 for the CAM charges for September 1990 through December 1990.
Defendant's counsel questioned Miss Goico extensively about the lack of a bookkeeping entry for the repayment of the security deposit. Evidently, the landlord had utilized monies from the security deposit to pay previous maintenance charges. At a later date, monies received by the plaintiff were redeposited into the security deposit account. The only entry in the records to reflect this is that the security deposit is shown as being fully funded in an amount of $12,653.48. According to Miss Goico, if the fund had not been replenished, the security deposit would reflect a lesser balance. She also indicated that she was not in charge of the records prior to the summer 1990. Inasmuch as Miss Goico testified that the landlord was now holding a full security deposit, the court has no reason to find that certain monies were not properly allocated. The court further notes, however, that the bookkeeping entries prior to those made by Miss Goico could certainly have been improved. Finally, even if the monies were not allocated properly, the plaintiff would still prevail on the nonpayment charge since the total rent owed for October and November, together with CAM charges and taxes, far exceeded the security deposit amount.
 III.
The plaintiff has proved its case for possession due to nonpayment of rent.
Judgment may enter accordingly.
BERGER, J.